Argued and submitted December 15, 1983, affirmed as modified May 9, 1984

In the Matter of the Marriage of

WALKER,
*Respondent, Cross-Appellant,*
*and*

WALKER,
*Appellant, Cross-Respondent.*

(80-813-2; CA A27563)

681 P2d 152

Arthur A. Beddoe, Klamath Falls, argued the cause and filed the brief for appellant.

Michael Ratliff, Klamath Falls, argued the cause for respondent. With him on the brief was Parks and Ratliff, Klamath Falls.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

WARDEN, J.

## WARDEN, J.

Husband appeals from a decree of dissolution, contending that the trial court erred in: (1) evaluating and distributing profits from the 1982 crop produced on the parties' farm and leased land; (2) awarding wife a money judgment of $259,003, with interest at 9 per cent per annum, to be paid within one year or, if not then paid, granting wife the right to force a sale of so much of the farm property as is necessary to satisfy the judgment; and (3) ordering husband to pay support in the amount of $500 monthly for each of two children. On *de novo* review, we modify the decree. We also grant wife's motion for dismissal of her cross-appeal.

The parties were married in 1965. They have three minor children, a son, age 16, and two daughters, ages 13 and 18 months. Husband was awarded custody of the son; wife was awarded custody of the two daughters. At the time of the hearing, husband was 39 years old, and wife was 38. Husband is a farmer; wife is currently unemployed, although she has held several clerical positions during the marriage.

The major assets of the parties were accumulated during their marriage and include equity in a 280-acre ranch in the Bonanza-Hildebrande area of Klamath County, crops produced on the ranch and on leased land, farm equipment and machinery, several parcels of California real estate, a bond with a cash value of $22,505 and a 1977 automobile.

The trial court awarded husband the farm machinery and equipment, the California real estate, and various other assets totalling $275,126, after deducting a judgment in favor of wife. Wife was awarded assets totalling $23,000, including the automobile and a portion of the cash bond. The trial court awarded the ranch to husband and wife as tenants in common, with the sole right to possession, rents and profits in husband pending husband's payment of a judgment to wife in the amount of $259,003, with interest at 9 per cent per annum, and granted her the right to have the ranch property sold if the judgment was not paid within one year from the date of the decree. It ordered husband to pay wife $1,000 monthly until the due date of the judgment, with such payments to be credited against the judgment. Husband was also ordered to pay child support of $500 per month for each of the two

daughters; wife was not ordered to contribute to the support of the son.

The 1982 crops produced on the parties' farm and leased land are the only assets whose valuation and disposition are at issue on appeal. The crops included 50 to 60 acres of oats (which were harvested as hay because of adverse weather conditions), 50 acres of "new planting" alfalfa, 100 acres of "old planting" alfalfa and approximately 78 acres of potatoes. About 50 additional acres had been planted to alfalfa that was drowned out during the previous winter. Husband contends that the trial court incorrectly assigned a net value of $60,000 to the crops, arguing that the 1982 farming operation resulted in a net loss. From our review of the evidence and our arithmetic calculations in connection therewith, we conclude that the evidence establishes a net crop value of $9,000.

Husband urges alternatively that, even assuming a net profit from the 1982 crops, wife is not entitled to share in that profit. In support of that contention, he raises two arguments. First, he argues that wife's refusal to co-sign for the 1982 farm operating loan and her failure to maintain a home for the parties during the 1982 crop year rebuts the statutory presumption of equal contribution to marital assets, ORS 107.105(1)(e),[1] and that, therefore, she is not entitled to a share of the profit from his farming efforts. Second, he argues that he, as a co-tenant in non-exclusive possession, is entitled to the crops raised by him and is not liable to wife for rents and profits from the land. We find both arguments unpersuasive.

---

[1] ORS 107.105(1)(e) (*amended by* Or Laws 1983, ch 728, § 2) provides:

"For the division or other disposition between the parties of the real or personal property, or both, of either or both of the parties as may be just and proper in all the circumstances. The court shall consider the contribution of a spouse as a homemaker as a contribution to the acquisition of marital assets. There is a rebuttable presumption that both spouses have contributed equally to the acquisition of property during the marriage, whether such property is jointly or separately held. Subsequent to the filing of a petition for annulment or dissolution of marriage or separation, the rights of the parties in the marital assets shall be considered a species of co-ownership, and a transfer of marital assets pursuant to a decree of annulment or dissolution of marriage or of separation entered on or after October 4, 1977, shall be considered a partitioning of jointly owned property. The court shall require full disclosure of all assets by the parties in arriving at a just property division. In arriving at a just and proper division of property, the court shall consider reasonable costs of sale of assets, taxes and any other costs reasonably anticipated by the parties."

Even assuming that wife is not entitled to share in the crops raised by husband because the statutory presumption of ORS 107.105(1)(e) is rebutted, that is only one consideration in determining a property division that is "just and proper in all the circumstances." *Jenks and Jenks,* 294 Or 236, 241-42, 656 P2d 286 (1982). Under the circumstances here, when the crops were produced on land owned by both parties and with equipment owned by both parties, an equitable division requires that both husband and wife share in the profits. That husband may have continued farming the land without actually excluding wife from the premises does not require a different result.

Our finding that the profit from the 1982 crops was $9,000 rather than $60,000 as found by the trial court requires modification of the decree to equalize the property distribution. Accordingly, we reduce the judgment to wife from $259,003 to $233,500, which shall bear interest at the rate of 9 percent per annum, simple interest.

Husband next argues that the provision that he pay the judgment, plus interest, within one year of the date of the decree is unreasonable in the light of his current obligations and is tantamount to forcing a distress sale of the farm. We agree that the requirement that payment be made within one year makes it likely that the property will have to be sold disadvantageously and that an equitable property division must take that reality into account. We therefore modify the decree to provide that the $233,500 judgment shall be due five years from the date of the original decree. Because the predominant purpose of a dissolution is to sever the parties' affairs to the greatest extent possible, *Jenks and Jenks, supra,* 294 Or at 243, we also modify the decree to award the farm solely to husband, subject to the judgment awarded to wife. Further, the provision that husband pay wife $1,000 monthly support, to be credited against the principal amount of the judgment, is deleted. Instead, husband shall be required to pay monthly to wife 1/12 of the annual interest on the principal balance of the judgment. In this way, wife will receive the benefits of her investment, and husband should have adequate time to make provision to satisfy the judgment.

As his final assignment of error, husband contends that the amount of child support ordered by the trial court,

$500 each for the two children in wife's custody, is excessive. We agree. Here, both husband and wife remain custodial parents, with the concommitant financial expenses of child-rearing. A "just and proper" amount of child support must be balanced against the needs of the children involved and the financial conditions and capabilities of both parents. *See Cavilee and Cavilee,* 21 Or App 506, 513, 535 P2d 774 (1975). Although husband may have the greater earning capacity, we believe that the distribution of the parties' assets, the obligations required to be assumed by husband and wife's income from the judgment awarded under the decree require a reduction in the amount of child support ordered by the trial court. We therefore modify the decree to reduce husband's monthly child support obligation from $500 per child to $300 per child.

On the appeal, decree modified to reduce the judgment awarded to wife from $259,003 to $233,500, with interest at 9 per cent per annum from the date of the original decree, to award husband sole ownership of the farm, subject to the judgment awarded to wife, to extend the due date on the judgment from one year to five years from the date of the original decree, to require husband to pay to wife 1/12 of the annual interest on the principal balance of the judgment monthly in lieu of the provision requiring husband to pay wife $1,000 monthly and to reduce husband's child support obligation for the two children in wife's custody from $500 per child to $300 per child; affirmed as modified. Cross-appeal dismissed. Costs to appellant on the appeal; no costs on the cross-appeal.